UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fairview Health Services, | Civil No. _____ |
| Plaintiff, | |
| vs. | **Defendant's Notice of Removal of Cause** |
| Aetna, Inc., | |
| Defendant. | |

Defendant Aetna Life Insurance Company, incorrectly sued as Aetna, Inc. ("Aetna"), pursuant to 28 U.S.C. §§ 1441, 1446 and the Local Rules of the United States District Court for the District of Minnesota, notifies this Court that the above-entitled cause has been removed from the District Court for the Fourth Judicial District, Hennepin County, State of Minnesota, and in support of said notice, states as follows:

## BACKGROUND

The Summons and Complaint in this civil action, captioned *Fairview Health Services v. Aetna, Inc.,* was served on June 12, 2013 onto Aetna. In compliance with 28 U.S.C. § 1446(b), Aetna files this Notice of Removal with this Court within thirty (30) days after receipt of a copy of the initial pleading setting forth the claim for relief upon which this action or proceeding is based and within

thirty (30) days after service of Summons and Complaint on the first served and only defendant Aetna. (Copies of the Summons and Complaint served upon Aetna are attached hereto as **Exhibit 1**.) Aetna is the only defendant in this matter and no consent to removal is required. No other pleadings have been received by Aetna at the time of filing this notice of removal.

Plaintiff Fairview Health Services' ("Plaintiff") Complaint sets forth a claim for breach of contract, seeking payment of health insurance benefits in the amount of $18,891.74 under the patient's employer's employee welfare benefit plan. (Ex. 1 at ¶¶ 4, 10) Plaintiff further pleads claims for breach of the covenant of good faith and fair dealing and unjust enrichment, seeking damages. (Ex. 1 at ¶¶ 20, 22) Aetna denies that Plaintiff is entitled to any of the relief sought in its Complaint.

## GROUNDS FOR REMOVAL

**A.    Federal Question Jurisdiction, 28 U.S.C. § 1331**

Plaintiff pursues his claims "as a beneficiary and assignee of patient J.E.B.'s rights and causes of action as a participant and beneficiary under the Aetna policy, to recover benefits due under said policy as a result of the healthcare goods and services provided to patient J.E.B." (Ex. 1 at ¶ 10) The patient is covered under a health insurance benefit program provided and sponsored by his employer. ("Plan"). (Ex. 1 at ¶ 4) As the Plan is governed by

the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*, the enforcement of rights under it is governed by federal law and ERISA. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987); *see also Stuart v. Unum*, 217 F.3d 1145, 1150 (9th Cir. 2000). As such, ERISA controls actions brought to recover benefits and to enforce rights under employee welfare benefit plans. 29 U.S.C. § 1132(e)(1); *Pilot Life Ins. Co.*, 481 U.S. at 41. Therefore, this Court has jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. §§ 1132(e)(1), 1144 over matters arising under ERISA, including this matter. ERISA completely preempts all of Plaintiff's state law claims. Plaintiff's claims are, in fact, claims arising under federal law because they relate to an employee benefit plan. Thus, this matter is removable to federal court. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1547 (1987). This complete preemption operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint. *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3rd Cir. 1999). Removal of such cases to federal court is proper. *Taylor,* 481 U.S. at 58. Based on the facts set forth above, which were true at the time the Complaint was filed and remain true as of the date of filing of this Notice of Removal, this action is governed by ERISA and therefore properly removed to this Court under 28 U.S.C. § 1441(b).

## **CONCLUSION**

Aetna has complied with the procedural requirements of 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure that govern removal from state court. This Court has original jurisdiction over this matter because this matter arises under federal law as the underlying benefit plan is subject to and governed by ERISA.

Notice of the filing for removal will be promptly given to the District Court of Hennepin County, Minnesota. Additionally, Aetna will serve its responsive pleading to the Complaint within seven (7) days after filing this petition for removal, pursuant to Fed. R. Civ. P. 81(c) and 6(a), or such subsequent time as set by stipulation of the parties or order of the Court.

WHEREFORE, Defendant, Aetna Life Insurance Company, improperly sued as Aetna, Inc., respectfully notifies that this cause has been removed from the District Court of the Fourth Judicial District for Hennepin County, State of Minnesota, to the United States District Court for the District of Minnesota, pursuant to the provisions of 28 U.S.C. § 1446 and the Local Rules of the United States District Court for the District of Minnesota.

Dated: July 2, 2013   **AETNA LIFE INSURANCE COMPANY, incorrectly sued as AETNA, Inc., Defendant**

By: *s/Patrick H. O'Neill, Jr.*
Patrick H. O'Neill Jr. (#0207950)
O'Neill & Murphy, LLP
332 Minnesota Street, Ste. W2600
Saint Paul, MN  55101-1359
(651) 292-8100 | Fax: (651) 292-8111
poneill@o-mlaw.com

**Attorney for Defendant**